1  Rebecca A. Peterson, #241858
   **LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
2  100 Washington Avenue South, Suite 2200
   Minneapolis, MN 55401
3  Telephone: (612) 339-6900
   Facsimile: (612) 339-0981
4  E-mail: rapeterson@locklaw.com

5
   Lori G. Feldman
6  **GEORGE GESTEN MCDONALD, PLLC**
   102 Half Moon Bay Drive
7  Croton-on-Hudson, New York 10520
   Phone: (917) 983-9321
8  Fax: (888) 421-4173
   Email: LFeldman@4-justice.com
9  E-Service: eService@4-Justice.com

10
   *Attorneys for Plaintiffs*
11
                **UNITED STATES DISTRICT COURT**
12              **NORTHERN DISTRICT OF CALIFORNIA**

13 | CHRISTINA ANGELOS and JESSICA | ) | Case No.
14 | NICODEMO, on behalf of themselves | ) |
   | and all others similarly situated, | ) | **CLASS ACTION COMPLAINT FOR:**
15 | | ) |
   | | ) | (1) VIOLATIONS OF THE ILLINOIS
16 | Plaintiffs, | ) |     CONSUMER FRAUD AND DECEPTIVE
   | | ) |     BUSINESS PRACTICES ACT, 815 ILCS
17 | v. | ) |     505/1, ET SEQ.;
   | | ) | (2) VIOLATIONS OF THE ILLINOIS FOOD,
18 | ANNIE'S HOMEGROWN, INC., | ) |     DRUG AND COSMETIC ACT, 410 ILCS
   | | ) |     620/1, ET SEQ.;
19 | Defendant. | ) | (3) VIOLATIONS OF THE FLORIDA
   | | ) |     DECEPTIVE AND UNFAIR TRADE
20 | | ) |     PRACTICES ACT, FLA. STAT. § 501.201
   | | ) |     ET SEQ.;
21 | | ) | (4) VIOLATIONS OF THE CALIFORNIA
   | | ) |     FALSE ADVERTISING LAW, § 17500;
22 | | ) | (5) VIOLATIONS OF THE CALIFORNIA
   | | ) |     UNFAIR COMPETITION LAW §17200;
23 | | ) | (6) UNJUST ENRICHMENT;
   | | ) | (7) BREACH OF EXPRESS WARRANTY;
24 | | ) | (8) BREACH OF IMPLIED WARRANTY.
   | | ) |
25 | | ) | **DEMAND FOR JURY TRIAL**
   | | ) |
26 | | ) |
   | | ) |
27 | | ) |

28

---

Plaintiffs Christina Angelos and Jessica Nicodemo ("Plaintiffs"), by and through their counsel, on their own behalf and on behalf of all others similarly situated, bring this Class Action Complaint against Defendant Annie's Homegrown, Inc. ("Annie's Homegrown" or "Defendant") and allege the following facts in support of their claims against Defendant based upon personal knowledge, where applicable, information and belief, and the investigation of counsel:

## I.    INTRODUCTION

1.    American children and adults have a huge appetite for macaroni and cheese. It is viewed as "comfort food" and consumed in significant amounts. Defendant has profited from these facts with the sales of its popular Annie's Homegrown brand of non-vegan boxed macaroni and cheese products (the "Annie's Homegrown Mac & Cheese Products" or the "Products"). But Defendant has improperly and misleadingly packaged and marketed its Products to consumers, like Plaintiffs, by failing to disclose on the Products' packaging that the Products contain (or are at risk of containing) "ortho-phthalates," also known as "phthalates," which are dangerous and harmful chemicals.

2.    Such information is material to the reasonable consumer. There is increasing scientific evidence linking phthalate exposure with harmful health outcomes and dairy has been found to be a major source of exposure. For most people, food is generally the greatest exposure to phthalates and fattier and more processed foods tend to have the highest phthalate levels. The cumulative effect of phthalates is concerning, particularly because studies show that one in five American adults eats 81 percent of their calories from ultra-processed foods, including foods such as powdered macaroni and cheese products. Phthalates are classified as endocrine-disrupting chemicals and have been linked to adverse health effects. For example, studies have found that in adult populations, there is an association between phthalate exposure and markers of testicular function in men, particularly decreased semen quality. There is also evidence linking

endometriosis in women with high phthalate metabolite levels and increases in waist circumference and body mass index (BMI) have been linked to exposure in men and adolescent and adult females. Moreover, scientific findings have shown that pre-natal exposure to phthalates is highly dangerous to the fetus and leads to multiple harms once the children are born, including neurodevelopmental problems such as ADHD, anti-social behavior, learning and memory problems, and genital birth defects in boys. In fact, according to a press release dated February 19, 2021, announcing a recent peer-reviewed study published in the American Journal of Public Health, "[p]renatal exposure to the widely used plasticizer chemicals called phthalates can lead to learning, attention and behavioral disorders in children." The press release noted that the "study reviewed data from the past decade measuring prenatal exposure to phthalates or environmental estimates of exposures from 11 countries or territories. It found consistent associations between phthalates and behaviors typically linked to ADHD and impaired cognitive development, including lower IQ, reduced psychomotor development and impaired social communication." In fact, in 2008, Congress banned several phthalates from children's toys and childcare articles.

3.      Reasonable consumers, like Plaintiffs, trust manufacturers like Defendant to sell food that is healthy, nutritious, and free from harmful toxins, contaminants, and chemicals. Reasonable consumers, like Plaintiffs, certainly expect the food they eat and feed their family to be free from phthalates, substances known to have health consequences.

4.      Consumers lack the scientific knowledge necessary to determine whether the Defendant's products do in fact contain phthalates, or other undesirable toxins or contaminants, or to ascertain the true nature of the ingredients and quality of the products. Reasonable consumers therefore must and do rely on Defendant to honestly report what its Products contain on the product packaging or labels. However, public reports and articles, including in the recesses of Defendant's

CLASS ACTION COMPLAINT

own website, reveal that Defendant's Annie's Homegrown Mac & Cheese Products contain (or are at risk of containing) phthalates. Despite this, the consumer-facing message Defendant chose failed to reference anything on phthalates. Indeed, nowhere on the Products' packaging or labeling is there any disclosure on the inclusion (or possible inclusion) of phthalates. Instead, Annie's Homegrown Mac & Cheese Products' packaging represents and promises that its Products are wholesome, organic, and healthy. The very brand name – "Annie's Homegrown" – leads reasonable consumers to believe the product is wholesome and healthy and does not contain dangerous chemicals like phthalates. The packaging for the Products states either that the Products are "made with organic pasta" or entirely certified as "Organic," yet another representation of their wholesomeness and healthiness.

5.    But phthalates are toxic industrial chemicals that are far from organic, wholesome or healthy. The mascot for Annie's Homegrown is a bunny and every Annie's Homegrown Mac & Cheese Product contains the "Bunny of Approval," or "Rabbit of Approval," an apparent play on the "Seal of Approval," conveying that the Products are of high quality and are a trusted source of healthy food. The tag line on the Products' packaging says, "Made with Goodness!" However, instead of being wholesome, healthy, and of high quality, or "Made with Goodness!" as prominently stated on its packaging, the products contain (or are at risk of containing) dangerous and harmful phthalates. On the hard to find "Frequently Asked Questions" section of the Annie's Homegrown website, under "Recent Questions," Defendant states: "We continue to work with our trusted suppliers to eliminate ortho-phthalates that may be present in the packaging materials and food processing equipment that produces the cheese and cheese powder in our macaroni and cheese."[1] While the statements on the Annie's Homegrown website are buried in the Frequently

---

[1] https://www.annies.com/faq/ (last accessed April 6, 2021).

Asked Questions section, they are nonetheless an admission by Defendant that it is information a reasonable consumer would consider important. Yet no information about the presence (or risk) of phthalates in the Annie's Homegrown Mac & Cheese Products is disclosed anywhere on the packaging.

6.    Plaintiffs bring this class action against Defendant for deceptive business practices, including misrepresentations and omissions, as well as breach of warranty and unjust enrichment, regarding the presence (or risk) of dangerous phthalates in the Annie's Homegrown Mac & Cheese Products, including those that Plaintiffs purchased. Plaintiffs seek injunctive and monetary relief on behalf of the proposed Class including (i) requiring full disclosure of all such substances and ingredients in Defendant's marketing, advertising, and labeling; (ii) requiring testing of all ingredients and final products for such substances; and (iii) restoring monies to the members of the proposed Class. Through this action, Plaintiffs assert claims for breach of warranty and unjust enrichment, and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*, the Illinois Food, Drug and Cosmetic Act, 410 ILCS 620/1 *et seq.*, the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.*, and California Business & Professions Code §§ 17200 and 17500, *et seq.*, seeking monetary damages, injunctive relief, and all other relief as authorized in equity or by law.

## PARTIES

*Plaintiffs*

7.    Plaintiff Christina Angelos is a citizen and resident of the State of Illinois, residing in Long Grove, Illinois. During the applicable statute of limitations period, Plaintiff Angelos purchased Annie's Homegrown Mac & Cheese Products that were manufactured and produced by Defendant that contained (or were at risk of containing) undisclosed dangerous phthalates,

including Annie's Organic Shells & Aged Cheddar Mac & Cheese, Annie's Homegrown Penne & Four Cheese Macaroni & Cheese, and Annie's Organic Farm Friends & Cheddar. Plaintiff Angelos relied on the material misrepresentations on the Products' packaging discussed herein that the Products are healthy, nutritious and wholesome, and on the material omission that the Products contain (or risk containing) dangerous phthalates. Plaintiff Angelos was unaware that the Products contained phthalates and would not have purchased the Products if that were fully disclosed. As a result of Defendant's negligent, reckless, and/or knowingly deceptive conduct as alleged herein, Plaintiff Angelos was injured when she paid the purchase price and/or a price premium for the Products that did not deliver what Defendant promised. Plaintiff Angelos paid the above sum in reliance that the labeling of the Products was accurate, that there were no material omissions, and that the Products were healthy, nutritious and wholesome. Plaintiff Angelos would not have purchased the Products had she known they contained phthalates. Plaintiff Angelos would purchase the Products again if Defendant (i) eliminated the phthalates; and (ii) undertook corrective changes to the packaging to affirm same. Damages can be calculated through expert testimony at trial.

8.     Plaintiff Jessica Nicodemo is a citizen and resident of the State of Florida, residing in Branford, Florida. During the applicable statute of limitations period, Plaintiff Nicodemo purchased Annie's Homegrown Mac & Cheese Products that were manufactured and produced by Defendant that contained (or were at risk of containing) undisclosed dangerous phthalates, including Annie's Shells & Real Aged Cheddar Macaroni & Cheese, and Annie's Shells & White Cheddar Macaroni & Cheese. Plaintiff Nicodemo relied on the material misrepresentations on the Products' packaging discussed herein that the Products are healthy, nutritious and wholesome, and on the material omission that the Products contain (or risk containing) dangerous phthalates.

Plaintiff Nicodemo was unaware that the Products contained phthalates and would not have purchased the Products if that were fully disclosed. As a result of Defendant's negligent, reckless, and/or knowingly deceptive conduct as alleged herein, Plaintiff Nicodemo was injured when she paid the purchase price and/or a price premium for the Products that did not deliver what Defendant promised. Plaintiff Nicodemo paid the above sum in reliance that the labeling of the Products was accurate, that there were no material omissions, and that the Products were healthy, nutritious and wholesome. Plaintiff Nicodemo would not have purchased the Products had she known they contained phthalates. Plaintiff Nicodemo would purchase the Products again if Defendant (i) eliminated the phthalates; and (ii) undertook corrective changes to the packaging to affirm same. Damages can be calculated through expert testimony at trial.

### Defendant Annie's Homegrown

9.      Defendant Annie's Homegrown is a wholly-owned subsidiary of General Mills, Inc. Annie's Homegrown's principal place of business is located at 1610 Fifth Street, Berkeley, California 94710, and its Customer Relations Department is located there. Defendant is a citizen of the State of California.

10.      Defendant packages, labels, markets, advertises, formulates, manufactures, distributes, and sells Annie's Homegrown Mac & Cheese Products throughout the United States, including California, Illinois and Florida.

11.      Public reports indicate that Annie's Homegrown is the second largest seller of macaroni and cheese products after The Kraft Heinz Company.[2]

---

[2] *See* https://www.mentalfloss.com/article/74703/annies-homegrown-facts (last accessed April 6, 2021) ("only Kraft sells more of the cheesy comfort food").

12.     Defendant's website is www.annies.com.

13.     Defendant shows 24 non-vegan varieties of Annie's Homegrown Mac & Cheese Products on its Annie's Homegrown website.[3]

## JURISDICTION AND VENUE

14.     This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d)(2), because at least one Class Member is of diverse state citizenship from Defendant, there are more than 100 Class Members, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

15.     The Northern District of California has personal jurisdiction over Defendant as Defendant conducts substantial business in this District and has its principal place of business, including its Customer Relations Department, located in the District.

16.     Venue is proper in this District under 28 U.S.C. §1391(b) because Defendant has its principal place of business, including its Customer Relations Department, located in the District and because a substantial part of the events, misrepresentations and/or omissions giving rise to the conduct alleged in this Complaint occurred in, were directed to, and emanated from this District.

---

[3] Those varieties are as follows: Shells & White Cheddar Mac & Cheese; Organic Shells & White Cheddar Mac & Cheese; Classic Cheddar Mac & Cheese; Organic Classic Cheddar Mac & Cheese; Shells & Real Aged Cheddar Mac & Cheese; Organic Shells & Real Aged Cheddar Mac & Cheese; Organic Macaroni & Cheese Classic Cheddar Cheese with 12g Protein; Gluten Free Rice Pasta & Cheddar Mac; Rice Pasta Shells & White Cheddar; Red Lentil Spirals & White Cheddar; Organic Shells & White Cheddar Mac & Cheese with Whole Grains; Organic Farm Friends & Cheddar Mac & Cheese; Organic Grass Fed Shells & White Cheddar Mac & Cheese; Organic Grass Fed Shells & Real Aged Cheddar Mac & Cheese; Organic Mac & Bees Mac & Cheese; Mac & Trees Mac & Cheese; Quinoa Rice Pasta & White Cheddar; Reduced Sodium Mac & Cheese; Organic Peace Pasta & Parmesan Mac & Cheese; Spirals With Butter & Parmesan; Organic Alfredo Shells & Cheddar Mac & Cheese; Penne & Four Cheese Mac & Cheese; Bunny Pasta with Yummy Cheese Mac & Cheese; Organic Grass Fed Classic Cheddar Mac & Cheese. *See* https://www.annies.com/products/classic-mac-and-cheese/?diet=37&per_page=36 (last accessed April 6, 2021).

## II.    FACTUAL ALLEGATIONS

**Phthalates Are Toxic Industrial Chemicals Found in Macaroni and Cheese**

17.    In 2017, the Coalition for Safer Food Processing and Packaging (the "Coalition"), a group of nonprofit consumer health and food safety advocacy organizations, published a study (the "Study") that tested, among other cheese products, cheese powder in ten varieties of macaroni and cheese.[4]   The Study did not publicly identify the brands for which the cheese powder was tested.   Defendant indicates on Annie's Homegrown's website that it is aware of the  "report of phthalates found in dairy ingredients of macaroni and cheese," and that Annie's Homegrown has tested its macaroni and cheese products and they do contain phthalates.[5]   Annie's Homegrown's website further states, "We continue to work with our trusted suppliers to eliminate phthalates that may be present in the packaging materials and food processing equipment that produces the cheese and cheese powder in our macaroni and cheese."[6]

18.    The 2017 Study seemingly acknowledged by Defendant on its Annie's Homegrown website concluded that phthalates were found in all 10 of the varieties and that on average the phthalate levels in the ten macaroni and cheese powders tested were **more than four times higher** than in the 15 natural cheeses tested, which were block cheese, string cheese, cottage cheese, and shredded cheese.[7]   The Study also concluded that "DEHP, the most widely restricted phthalate, was found more often and at a much higher average concentration than any other phthalate, among all the cheese products tested."[8]   While Defendant conceded on its website that its Annie's

---

[4] *See* http://kleanupkraft.org/data-summary.pdf (last accessed April 6, 2021).
[5] https://www.annies.com/faq/ (last accessed April 6, 2021).
[6] *Id.*
[7] *See* PhthalatesLabReport.pdf (kleanupkraft.org) (last accessed April 6, 2021).
[8] http://kleanupkraft.org/data-summary.pdf (last accessed April 6, 2021).  *See also* Report to the U.S. Consumer Product Safety Commission by the Chronic Hazard Advisory Panel on Phthalates

CLASS ACTION COMPLAINT

Homegrown Mac & Cheese Products do contain (or risk containing) phthalates, and that it is important to "eliminate" such phthalates, it never disclosed anything about phthalates on the Products' packaging.

19.    Given the results of the Study, the Coalition wrote a public letter dated June 14, 2017 to the Chief Executive Officer of The Kraft Heinz Company, asking it, as the leading U.S. seller of macaroni and cheese products, to "eliminate toxic industrial chemicals known as *ortho*-phthalates from your food products."[9]  According to the letter, the Coalition stated that it had detected phthalates in Kraft's products through the testing and wanted to meet with Kraft to discuss this as it was planning a public outreach campaign.[10]  The letter stated that pregnant women and young children are the "most vulnerable groups" and that food is "often the number one source of phthalates exposure."[11]  Fatty foods, including dairy products, appears to be "the greatest contributor of dietary exposure to phthalates," according to the letter.[12]  The Coalition explained and cited the scientific findings to date showing that pre-natal exposure to phthalates is highly dangerous to the fetus and leads to multiple harms once the children are born, including neurodevelopmental problems such as ADHD, anti-social behavior, learning and memory problems, and genital birth defects in boys.[13]  Moreover, the letter stated that cumulative exposure

and Phthalate Alternatives, July 2014, U.S. Consumer Product Safety Commission, Directorate for Health Sciences, https://www.cpsc.gov/s3fs-public/CHAP-REPORT-With-Appendices.pdf (last accessed April 6, 2021), at 90 (CPSC states that regarding DEHP, which is not allowed in children's toys and child care products at levels greater than 0.1%, "[a] complete dataset suggests that exposure to DEHP in utero can induce adverse developmental changes to the male reproductive tract. Exposure to DEHP can also adversely affect many other organs such as the liver and thyroid.").

[9] http://kleanupkraft.org/kraft-phthalates-6-14-17.pdf (last accessed April 6, 2021).
[10] *See id.*
[11] *Id.*
[12] *Id.*
[13] *See id.*

CLASS ACTION COMPLAINT

to phthalates is of particular concern.[14]  The letter noted that "safer alternatives are already commercially available for many uses of phthalates."[15]

20.    In a public statement dated July 20, 2017, following the letter to Kraft's CEO, the Coalition further noted: "This serious public health risk stems from daily exposure to phthalates from *all* sources combined.  This is what's known as an unacceptable 'cumulative risk.'  Kraft asserts that the amount of phthalates in the products we tested is many times 'lower than levels that scientific authorities have identified as acceptable.'  What Kraft didn't say is that the only acceptable levels that exist apply to the *total* daily intake of phthalates from *all* sources combined, not from any single product.  With phthalates found in some dairy products, baked goods, oils, infant formula, fast food, consumer products, house dust – together, these daily exposures add up to too much."[16]  The letter further noted that the ten macaroni and cheese powders that were tested "had the highest levels of phthalates of the product items we tested."[17]

21.    Annie's Homegrown's website states that the Food and Drug Administration (the "FDA") has not adopted a standard for acceptable levels of phthalates in food but that the European Food Safety Authority (EFSA) "has published risk assessment data which notes a Total Daily Intake of 0.05 mg/kg of body weight."[18]

22.    The cumulative effect of phthalates is particularly concerning, especially since studies show that one in five American adults eats 81 percent of their calories from ultra-processed

---

[14] *See id.*
[15] *Id.*
[16] https://www.kleanupkraft.org/CoalitionStatement7-20.pdf (emphasis in original) (last accessed April 6, 2021).
[17] *Id.*
[18] https://www.annies.com/faq/.

foods, including foods such as powdered macaroni and cheese products.[19]  In a recent letter, dated March 11, 2020, addressed to the Chief Executive Officer of The Kraft Heinz Company, which included signatories from disability organizations from 22 states, the chair of Harvard's Department of Environmental Health, and public health experts from several additional universities, the signatories noted that the "National Academy of Sciences estimates that environmental factors, including toxic chemicals, cause or contribute to at least a quarter of learning and developmental disabilities in American children," and that Kraft should lead the industry "by ensuring its supply chain is free of phthalates."[20]  The letter further stated that "[s]cientific studies show that daily cumulative exposure to phthalates poses an unacceptable health risk to pregnant women and young children.  Elevated phthalate exposure has been found to interfere with the reproductive functions of both men and women and impede brain development in children.  For most people, the food we eat is the greatest exposure pathway to phthalates.  Foods that are fattier and more processed tend to have the highest phthalate levels."[21]

23.    Studies in addition to those noted above indicate and/or discuss the harmful and dangerous effects of phthalates.  For example, a study in 2014 sought to identify the primary foods associated with increased exposure to phthalates.  The study stated, "Given the increasing scientific evidence base linking phthalate exposure with harmful health outcomes, it is important to understand major sources of exposure."[22]  Dairy was found to be one of those sources.  According

---

[19] *See, e.g.*, https://www.ewg.org/news-and-analysis/2019/09/kraft-heinz-rejects-effort-get-phthalates-out-mac-and-cheese (citing https://pubmed.ncbi.nlm.nih.gov/30820487/).

[20] https://www.toxicfreefood.org/wp-content/uploads/LDA-Sign-On-Letter-to-Kraft-Heinz-3.11.20.pdf (last accessed April 6, 2021).

[21] *Id.*

[22] Serrano SE, Braun J, Trasande L, Dills R, Sathyanarayana S (2014) Phthalates and diet: a review of food monitoring and epidemiology data. Environmental Health 13:43, https://ehjournal.biomedcentral.com/articles/10.1186/1476-069X-13-43 (last accessed April 6, 2021).

CLASS ACTION COMPLAINT

to the study, phthalates "are classified as endocrine-disrupting chemicals and have been linked to adverse health effects particularly in relation to early life exposure." The study further noted that in "adult populations, various epidemiological studies support an association between phthalate exposure and markers of testicular function in men, particularly decreased semen quality." It also noted that "evidence linking endometriosis in women with high phthalate metabolite levels" and "[i]ncreases in waist circumference and body mass index (BMI) have been linked to DEHP, BzBP, DBP and DEP exposure in men and DEP exposure in adolescent and adult females."[23]

24.     Another study in 2014, which "examined the temporal trends in urinary concentrations of phthalates metabolites in the general U.S. population," also indicated that such testing was important due to "the scientific community and public's concern over phthalate toxicity," including the banning of the use of certain phthalates in toys, food-containing materials, and cosmetics in the European Union, as well as toys and other child care articles in the U.S.[24] The study noted: "Human epidemiologic studies have reported associations between exposure to DnBP, BBzP, and some other phthalates and adverse male reproductive outcomes, including reduced sperm quality, increased sperm DNA damage, and altered male genital development (Hauser et al. 2006, 2007; Meeker et al. 2009; Swan et al. 2005). Other studies have reported associations between gestational exposures to phthalates, including DEP, DnBP, BBzP, and DEHP, and outcomes suggesting impaired behavioral development (Braun et al. 2013; Engel et al. 2009; Swan et al. 2010; Whyatt et al. 2012)."[25]

---

[23] Id.

[24] Zota AR, Calafat AM, Woodruff TJ (2014) Temporal Trends in Phthalate Exposures: Findings from the National Health and Nutrition Examination Survey, 2001-2010 Environmental Health Perspectives 122(3):235-241, https://ehp.niehs.nih.gov/doi/10.1289/ehp.1306681 (last accessed April 6, 2021).

[25] Id.

CLASS ACTION COMPLAINT

25.     According to a press release dated February 19, 2021, announcing a recent peer-reviewed study published in the American Journal of Public Health, "[p]renatal exposure to the widely used plasticizer chemicals called phthalates can lead to learning, attention and behavioral disorders in children."[26]  The press release noted that the "study reviewed data from the past decade measuring prenatal exposure to phthalates or environmental estimates of exposures from 11 countries or territories.  It found consistent associations between phthalates and behaviors typically linked to ADHD and impaired cognitive development, including lower IQ, reduced psychomotor development and impaired social communication."[27]

26.     In 2008, Congress banned several phthalates from children's toys and childcare articles.[28]  Previously, in 2005, the European Parliament endorsed a ban on certain types of phthalates used in children's toys and other childcare products.[29]

### Defendant's Material Misrepresentations and Omissions
### Regarding Phthalates in Its Products

27.     Defendant chose to omit from all packaging that its Annie's Homegrown Mac & Cheese Products contain (or have a risk of containing) dangerous phthalates which have been shown to be harmful to health, including to pregnant women and children, particularly on a cumulative basis, while falsely and deceptively touting its products as healthy, wholesome and nutritious.

---

[26] *See* https://www.ewg.org/release/study-shows-mounting-evidence-plasticizer-chemicals-harm-fetus (last accessed April 6, 2021).

[27] *Id.*

[28] *See* https://www.cpsc.gov/Business--Manufacturing/Business-Education/Business-Guidance/Phthalates-Information/ (last accessed April 1, 2021); *see also* Report to the U.S. Consumer Product Safety Commission by the Chronic Hazard Advisory Panel on Phthalates and Phthalate Alternatives, July 2014, U.S. Consumer Product Safety Commission, Directorate for Health Sciences, https://www.cpsc.gov/s3fs-public/CHAP-REPORT-With-Appendices.pdf (last accessed April 6, 2021).

[29] *See, e.g.*, https://www.nbcnews.com/id/wbna8473765 (last accessed April 6, 2021).

CLASS ACTION COMPLAINT

28.    Defendant's packaging for Annie's Homegrown Mac & Cheese Products portrays the products as wholesome, organic and healthy.  The very brand name – "Annie's Homegrown" – leads reasonable consumers to believe the product is wholesome and healthy and does not contain dangerous chemicals like phthalates because food that is "homegrown" is healthier.  All of the Annie's Homegrown Mac & Cheese Products state on their packages either that they are "made with organic pasta" or are entirely certified as "Organic," yet another representation of their wholesomeness and healthiness.  But phthalates are dangerous toxic industrial chemicals that are far from organic, wholesome or healthy.  The Annie's Homegrown mascot is a bunny and every Annie's Homegrown Mac & Cheese Product contains the "Bunny of Approval," or "Rabbit of Approval," an apparent play on the "Seal of Approval," conveying that it is "approved" as to being high quality and a trusted source of healthy food.[30]  The tag line on the Annie's Homegrown Mac & Cheese Products packaging says, "Made with Goodness!"  However, instead of being wholesome, healthy, and of high quality, or "Made with Goodness!" as prominently stated on Defendant's packaging, the products contain (or risk containing) dangerous and harmful phthalates, which is nowhere disclosed on the packaging.  Each of these misrepresentations is depicted in the pictures of three varieties of Annie's Homegrown Mac & Cheese Products shown below.

---

[30] *See, e.g.*, https://www.mentalfloss.com/article/74703/annies-homegrown-facts ("Bernie the Bunny gives Annie's products his 'Rabbit of Approval' seal, indicating that the food is healthy, nutritious, and environmentally friendly.").





29.    Defendant's Annie's Homegrown website confirms the misrepresentations made to consumers, including Plaintiffs and the Class, on the packaging of Annie's Homegrown Mac & Cheese Products that such products are healthy, wholesome and nutritious and free from dangerous chemicals.  Defendant states on the Annie's Homegrown website: "We're on a mission to cultivate a healthier, happier world by spreading goodness through nourishing foods, honest words and conduct that is considerate and forever kind to the planet."[31]   Defendant further states on the website: "We believe food has the power to impact the future of the planet and everybody on it. From partnering with the farmers who grow our food, to thoughtfully choosing the packaging that our food is shipped in – we've always had your family and our planet in mind.  Learn why we believe organic is better, how we make our foods, and how together, we're making a bigger impact."[32]   Defendant's Annie's Homegrown website also states: "Our biggest opportunity to improve our impact on people and the planet is through our products.  We look for ingredients,

---

[31] https://www.annies.com/our-mission/ (last accessed April 6, 2021).
[32] *Id.*

manufacturing partners, and packaging materials that have a positive impact on farmers, communities, animals, the environment, and you.  We strive to ensure that our products meet the high standards that we and our bunny families share."[33]

30.    Based on Defendant's decision to advertise and market its Annie's Homegrown Mac & Cheese Products on its packaging as healthy, nutritious, and safe for consumption, it had a duty to ensure that these and other statements were true and not misleading, which it failed to do.  Instead, Defendant omitted any information regarding phthalates (or the risk of phthalates) in its Annie's Homegrown Mac & Cheese Products.

31.    Defendant is well aware of the importance of such information because it currently states on its Annie's Homegrown website that "[f]ood integrity and consumer trust are our top priorities at Annie's.  We are troubled by the recent report of phthalates found in dairy ingredients of macaroni and cheese and take this issue seriously."[34]  Defendant further states on the Annie's Homegrown website it is "working closely with our industry partners including the Organic Trade Association and The Organic Center to better understand this emerging issue…."[35]  These statements are an admission of the materiality of such information to reasonable consumers.  Yet, Defendant provided no such information, or any information, on the packaging regarding the fact that the Annie's Homegrown Mac & Cheese Products contain (or risk containing) dangerous phthalates.

---

[33] https://www.annies.com/making-our-food/ (last accessed April 6, 2021).
[34] https://www.annies.com/faq/ (last accessed April 6, 2021).
[35] *Id.*  A prior version of this FAQ that appears to have been posted on or after July 17, 2017 also stated that "[w]e are working with our trusted suppliers to understand where phthalates are coming into our supply chain and how we can evaluate and limit them."
https://web.archive.org/web/20170717142024/http://www.annies.com:80/faq.

32.     Defendant's Annie's Homegrown Mac & Cheese Products are available at numerous retail and online outlets.  However, as discussed above, Defendant fails to disclose on its packaging that Annie's Homegrown Mac & Cheese Products contain (or risk containing) dangerous phthalates.  Defendant intentionally omitted disclosure on its packaging of these dangerous chemicals to induce and mislead reasonable consumers to purchase its Annie's Homegrown Mac & Cheese Products.

## III.     CLASS ACTION ALLEGATIONS

33.     Pursuant to the provisions of Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiffs bring this class action on behalf of themselves and a nationwide Class defined as:

> **All persons who, during the applicable statute of limitation period to the present, purchased Defendant's Annie's Homegrown Mac & Cheese Products in the United States for personal and/or household use, and not for resale (the "Class" or "Nationwide Class").**

34.     Plaintiff Angelos also seeks to represent a subclass (the "Illinois Subclass"), defined as follows:

> **All residents of Illinois who, during the applicable statute of limitation period to the present, purchased Defendant's Annie's Homegrown Mac & Cheese Products in Illinois for personal and/or household use, and not for resale.**

35.     Plaintiff Nicodemo also seeks to represent a subclass (the "Florida Subclass"), defined as follows:

> **All residents of Florida who, during the applicable statute of limitation period to the present, purchased Defendant's Annie's Homegrown Mac & Cheese Products in Florida for personal and/or household use, and not for resale.**

36.     The Class excludes Defendant, any parent companies, subsidiaries, and/or affiliates, officers, directors, legal representatives, employees, coconspirators, all governmental entities, and any judge, justice, or judicial officer presiding over this matter.

37.    Certification of Plaintiffs' claims for class-wide treatment is appropriate because all elements of Fed. R. Civ. P. 23(a), (b)(2)-(3) are satisfied.  Plaintiffs can prove the elements of their claims on a class-wide basis using the same evidence as would be used to prove those elements in an individual action alleging the same claims.

38.    **Numerosity:**  All requirements of Fed. R. Civ. P. 23(a)(l) are satisfied.   The members of the Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable.  While Plaintiffs are informed and believe that there are thousands of members of the Class, the precise number of Class members is unknown to Plaintiffs.  Plaintiffs believe that the identity of Class members is known or knowable by Defendant or can be discerned through reasonable means.  Class members may be identified through objective means.  Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

39.    **Commonality and Predominance:**  All requirements of Fed. R. Civ. P. 23(a)(2) and 23(b)(3) are satisfied.   This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, but not limited to:

   a.    whether Defendant engaged in the deceptive and misleading business practices alleged herein;

   b.    whether the misrepresentations and/or omissions by Defendant were likely to deceive a reasonable consumer;

   c.    whether Defendant knew or should have known that the Annie's Homegrown Mac & Cheese Products contain (or risk containing) dangerous phthalates;

d.      whether Defendant misrepresented and continues to misrepresent that the Annie's Homegrown Mac & Cheese Products are healthy, nutritious, wholesome, and safe for consumption when such products contain (or risk containing) dangerous phthalates;

e.      whether Defendant failed to disclose that the Annie's Homegrown Mac & Cheese Products contain (or risk containing) dangerous phthalates;

f.      whether Defendant was unjustly enriched by its actions;

g.      whether Defendant breached its warranties to Plaintiffs and the Class;

h.      whether Defendant violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*;

i.      whether Defendant violated the Illinois Food, Drug and Cosmetic Act, 410 ILCS 620/1 *et seq.*;

j.      whether Defendant violated the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.*;

k.      whether Defendant violated California False Advertising Law, California Business & Professions Code §§ 17200 (Unfair Competition Law) and 17500 (False Advertising), *et seq.*;

l.      whether the misrepresented and/or omitted facts are material to a reasonable consumer;

m.      whether Plaintiffs and members of the Class were injured and suffered damages;

n.      whether Plaintiffs and members of the Class are entitled to declaratory and injunctive relief; and

o.     whether Plaintiffs and members of the Class are entitled to damages and, if so, the measure of such damages.

40.     **Typicality:**  All requirements of Fed. R. Civ. P. 23(a)(3) are satisfied.  Plaintiffs are members of the Nationwide Class and Illinois or Florida Subclasses, having purchased for personal/household use Annie's Homegrown Mac & Cheese Products that were manufactured by Defendant.  Plaintiffs' claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through Defendant's conduct.

41.     **Adequacy of Representation:**  All requirements of Fed. R. Civ. P. 23(a)(4) are satisfied.  Plaintiffs are adequate Class representatives because they are members of the Nationwide Class and Illinois or Florida Subclasses and her interests do not conflict with the interests of the other members of the Class that she seeks to represent.  Plaintiffs are committed to pursuing this matter for the Class with the Class' collective best interests in mind.  Plaintiffs have retained counsel competent and experienced in complex class action litigation of this type and Plaintiffs intend to prosecute this action vigorously.  Plaintiffs, and their counsel, will fairly and adequately protect the Class's interests.

42.     **Predominance and Superiority:**  All requirements of Fed. R. Civ. P. 23(b)(3) are satisfied.  As described above, common issues of law or fact predominate over individual issues.  Resolution of those common issues in Plaintiffs' individual cases will also resolve them for the Class' claims.  In addition, a class action is superior to any other available means for the fair and efficient adjudication of this controversy and no unusual difficulties are likely to be encountered in the management of this class action.  The damages or other financial detriment suffered by Plaintiffs and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be

impracticable for members of the Class to individually seek redress for Defendant's wrongful conduct.  Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system.  By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

43.    **Cohesiveness:**    All requirements of Fed. R. Civ. P. 23(b)(2) are satisfied. Defendant has acted, or refused to act, on grounds generally applicable to the Class making final declaratory or injunctive relief appropriate.

### IV.    CAUSES OF ACTION

### <u>COUNT I</u>
**Violations of the Illinois Consumer Fraud and Deceptive Trade Practices Act,**
**815 ILCS 505/1, *et seq.***
**(On Behalf of Plaintiff Angelos and the Illinois Subclass)**

44.    Plaintiff Angelos, individually and on behalf of the Illinois Subclass, repeats and re-alleges every allegation contained above, as though fully set forth herein.

45.    The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1, *et seq.*, prohibits any deceptive, unlawful, unfair, or fraudulent business acts or practices including using deception, fraud, false pretenses, false promises, false advertising, misrepresentation, or the concealment, suppression, or omission of any material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act."  815 ILCS 505/2.

46.    The ICFA applies to Defendant's acts as described herein because it applies to transactions involving the sale of goods or services to consumers.

47.    Defendant is a "person," as defined by 815 ILCS 505/1(c).

48.     Plaintiff Angelos and each member of the Illinois Subclass are "consumers," as defined by 815 ILCS 505/1(e), because they purchased Annie's Homegrown Mac & Cheese Products.

49.     Annie's Homegrown Mac & Cheese Products are "merchandise," as defined by 815 ILCS 505/1(b).

50.     Defendant made false and fraudulent statements, and misrepresented, concealed, and omitted material facts regarding Annie's Homegrown Mac & Cheese Products, including the misrepresentation that their brand of food products were safe for human consumption and the omission that their brand of food products contained unsafe levels of toxic ortho-phthalates.

51.     Defendant's misrepresentations and omissions regarding Annie's Homegrown Mac & Cheese Products constitute deceptive and unfair acts or practices prohibited by the ICFA.

52.     Defendant's aforementioned misrepresentations and omissions have the tendency or capacity to mislead and create the likelihood of consumer confusion.

53.     Defendant's aforementioned misrepresentations and omissions were used or employed in the conduct of trade or commerce, namely, the marketing, sale, and distribution of Annie's Homegrown Mac & Cheese Products to Plaintiff Angelos and the Illinois Subclass.

54.     Defendant's aforementioned misrepresentations and omissions are unfair business practices because they offend public policy and/or cause substantial injury to consumers.

55.     Defendant's conduct alleged herein is deceptive and unlawful because it violated the Illinois Food, Drug, and Cosmetic Act ("IFDCA") as alleged herein and in Count II below. Under the IFDCA, Illinois expressly adopted federal food labeling requirements as its own and has indicated that "[a] federal regulation automatically adopted pursuant to this Act takes effect in this State on the date it becomes effective as a Federal regulation." 410 ILCS 620/21(j). Thus,

a violation of federal food labeling laws is an independent violation of Illinois law and actionable as such.

56.     Further, Defendant's claims are misleading to consumers in violation of 21 U.S.C. § 343, which states, "[a] food shall be deemed to be misbranded—If (1) its labeling is false or misleading in any particular."

57.     Indeed, the Illinois Compiled Statutes have incorporated the exact language of the federal Food, Drug, and Cosmetic Act (the "FDCA") by expressly stating, "[a] food is misbranded - (a) If its labeling is false or misleading in any particular." 410 ILCS 620/11.

58.     The introduction of misbranded food into interstate commerce is prohibited under the FDCA and all state parallel statutes cited in this Class Action Complaint.

59.     Also, the Illinois Consumer Fraud and Deceptive Business Practices Act protects consumers when purchasing products, including Defendant's Product, and provides that:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . .

815 ILCS 505/2.

60.     Defendant intended that Plaintiff Angelos and Illinois Subclass members rely on the above-referenced false statements, misrepresentations, and omissions of material fact in purchasing Annie's Homegrown Mac & Cheese Products.

61.     Plaintiff Angelos and Illinois Subclass members reasonably relied on Defendant's respective misrepresentations and omissions when they purchased Annie's Homegrown Mac & Cheese Products.

62.     Had Plaintiff Angelos and Illinois Subclass members been aware of the true facts regarding the presence of toxic ortho-phthalates in Annie's Homegrown Mac & Cheese Products, they would have declined to purchase Annie's Homegrown Mac & Cheese Products.

63.     Plaintiff Angelos and Illinois Subclass members suffered injuries in fact—i.e., the loss of the money that they paid for Annie's Homegrown Mac & Cheese Products under the belief that they were safe for human consumption and did not contain unsafe levels of ortho-phthalates.

64.     Acting as reasonable consumers, Plaintiff Angelos and Illinois Subclass members could not have avoided the injuries suffered by purchasing Annie's Homegrown Mac & Cheese Products because they did not have any reason to suspect that those brands of food contained elevated levels of toxic ortho-phthalates.  Moreover, the detection of toxic ortho-phthalates in food requires rigorous and specialized scientific testing that goes well beyond the level of inquiry a reasonable consumer would make into the issue, and, in any event, such testing was not readily available to Plaintiff Angelos and Illinois Subclass members at the time they purchased Annie's Homegrown Mac & Cheese Products.

65.     As a direct and proximate result of Defendant's unfair and deceptive acts or practices, Plaintiff Angelos and members of the Illinois Subclass suffered damages by purchasing Annie's Homegrown Mac & Cheese Products because they would not have purchased those brands of food products had they known the truth, and they received a product that was worthless because it contains unsafe levels of ortho-phthalates.

## COUNT II
**Violations of the Illinois Food, Drug and Cosmetic Act, 410 ILCS 620/1, *et seq.*
(On Behalf of Plaintiff Angelos and the Illinois Subclass)**

66.     Plaintiff Angelos, individually and on behalf of the Illinois Subclass, repeats and re-alleges every allegation contained above, as though fully set forth herein.

67.     At all relevant times, the IFDCA was in full force and effect.

68.     The IFDCA prohibits the "manufacture, sale or delivery, holding or offering for sale of any food…that is adulterated or misbranded," the "adulteration or misbranding of any food," and "the delivery or proffered delivery thereof for pay or otherwise."  410 ILCS 620/3 (incorporating 410 ILCS 620/3.1, 410 ILCS 620/3.2, and 410 ILCS 620/3.3).

69.     As alleged herein, Defendant violated the IFDCA by introducing misbranded food containing labeling that is false or misleading.  410 ILCS 620/11.

70.     Further, under the IFDCA, "a food is adulterated if it bears or contains any poisonous or deleterious substance which may render it injurious to health…if the quantity of such substance in such food [would] render it injurious to health."  410 ILCS 620/10.

71.     Defendant violated the IFDCA by manufacturing, distributing, marketing, and selling Annie's Homegrown Mac & Cheese Products because the presence of toxic ortho-phthalates in those brands of food render them injurious to health as described more fully above.

72.     Plaintiff Angelos and Illinois Subclass members reasonably relied on Defendant's respective misrepresentations and omissions when they purchased Annie's Homegrown Mac & Cheese Products.

73.     Acting as reasonable consumers, had Plaintiff Angelos and Illinois Subclass members been aware of the true facts regarding the presence of toxic ortho-phthalates in Annie's Homegrown Mac & Cheese Products, they would have declined to purchase Annie's Homegrown Mac & Cheese Products.

74.     Plaintiff Angelos and Illinois Subclass members suffered injuries in fact—i.e., the loss of the money that they paid for Annie's Homegrown Mac & Cheese Products under the belief that they were safe for human consumption and did not contain toxic ortho-phthalates.

CLASS ACTION COMPLAINT

75.     Acting as reasonable consumers, Plaintiff Angelos and Illinois Subclass members could not have avoided the injuries suffered by purchasing Annie's Homegrown Mac & Cheese Products because they did not have any reason to suspect that those brands of food contained unsafe ortho-phthalates.  Moreover, the detection of toxic ortho-phthalates in food requires rigorous and specialized scientific testing that goes well beyond the level of inquiry a reasonable consumer would make into the issue, and, in any event, such testing was not readily available to Plaintiff Angelos and Illinois Subclass members at the time they purchased Annie's Homegrown Mac & Cheese Products.

76.     As a direct and proximate result of Defendant's violations of the IFDCA, Plaintiff Angelos and members of the Illinois Subclass suffered damages by purchasing Annie's Homegrown Mac & Cheese Products because they would not have purchased those brands of food had they known the truth, and they received a product that was worthless because it contains unsafe toxic ortho-phthalates.

77.     Therefore, Plaintiff Angelos and members of the Illinois Subclass were damaged as a direct result of Defendant's violation of the IFDCA.

78.     A private cause of action is found to exist under a statute where: (1) the plaintiff falls within the class of persons sought to be protected; (2) the plaintiff's injury is one intended to be prevented; (3) the cause of action is consistent with the underlying purpose of the statute; and (4) the private cause of action is necessary to effectuate the purpose of the statute, *i.e.*, a civil remedy is needed.

79.     Plaintiff Angelos and Illinois Subclass members fall within the class of persons sought to be protected by the IFDCA because they unknowingly purchased adulterated food products as a result of Defendant's respective misrepresentations and omissions.  The IFDCA

was designed to regulate the manner in which food, drugs, and cosmetics could be manufactured, prepared, advertised, and sold to consumers.   Specifically, section 620/10 of the IFDCA was designed to prohibit food manufacturers and sellers from selling food to consumers which contain unsafe levels of "any poisonous or deleterious substance which may render it injurious to health." The sale of adulterated food is prohibited under the IFDCA so that consumers, such as Plaintiff Angelos and Illinois Subclass members, do not purchase and/or ingest foods that are be injurious to their health.

80.   Plaintiff Angelos' and the Illinois Subclass members' common injury is one intended to be prevented by the IFDCA. Section 620/10 of the IFDCA prohibits food manufacturers and sellers from selling food to consumers which contain unsafe levels of "any poisonous or deleterious substance which may render it injurious to health."   The sale of adulterated food is prohibited under the IFDCA so that consumers, such as Plaintiff Angelos and Illinois Subclass members, do not purchase and/or ingest foods that are injurious to their health.

81.   Granting Plaintiff Angelos and Illinois Subclass members a private right of action under the IFDCA is consistent with the underlying purpose of the IFDCA.   The underlying purpose of section 620/10 of the IFDCA is to prevent consumers from purchasing and/or ingesting foods that will be injurious to their health.   Allowing Plaintiff Angelos and Illinois Subclass members to hold Defendant liable for its violations of the IFDCA is consistent with that purpose.

82.   Granting Plaintiff Angelos and Illinois Subclass members a private right of action under the IFDCA is necessary to effectuate the purpose of the IFDCA because the statute would be rendered meaningless if it could not be enforced.   There would be no incentive keeping food

manufacturers and sellers from selling adulterated food products to consumers if they could not be held liable to consumers for their actions.

## <u>COUNT III</u>
### Violations of Florida's Deceptive and Unfair Trade Practices Act § 501.201 et seq.
### (On Behalf of Plaintiff Nicodemo and the Florida Subclass)

83.    Plaintiff Nicodemo, individually and on behalf of the Florida Subclass, repeats and re-alleges every allegation contained above, as though fully set forth herein.

84.    Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."  Florida Stat. § 501.204(1).  Defendant participated in unfair, unconscionable and deceptive trade practices that violated FDUTPA as described herein.

85.    Plaintiff Nicodemo, individually, and the members of the Florida Subclass are "consumers" within the meaning of Florida Stat. § 501.203(7).

86.    Defendant engaged in "trade or commerce" within the meaning of Florida Stat. § 501.203(8).

87.    Defendant's Annie's Homegrown Mac & Cheese Products contain  (or have a risk of containing) dangerous phthalates which have been shown to be harmful to health, including to pregnant women and children, particularly on a cumulative basis, while falsely and deceptively touting its products as healthy, wholesome and nutritious.

88.    Plaintiff Nicodemo and the Florida Subclass members would not have purchased the Annie's Homegrown Mac & Cheese Products at issue had they known the truth about the Products.

CLASS ACTION COMPLAINT

89.     Defendant violated the FDUPTA by, among other things, selling Products containing dangerous phthalates which have been shown to be harmful to health, including to pregnant women and children, particularly on a cumulative basis, while falsely and deceptively touting its products as healthy, wholesome and nutritious.

90.     There are dangerous phthalates in the Products and Defendant failed to properly represent, both by affirmative conduct and by omission, the nutritional value and safety of Defendant's Products.

91.     If Defendant had not sold Products with dangerous phthalates, Plaintiff Nicodemo and the other Florida Subclass members would not have suffered the extent of damages caused by Defendant's sales.

92.     Defendant's practices, acts, policies and course of conduct violate FDUPTA in that Defendant includes dangerous phthalates in its Products and actively and knowingly misrepresented or omitted disclosure of material information to Plaintiff Nicodemo and the Florida Subclass members at the time they purchased the Products, including the fact that Defendant's Products contained dangerous phthalates. Defendant also failed to disclose and give timely warnings or notices regarding the presence of dangerous phthalates in its Products that were purchased by Plaintiff Nicodemo and the Florida Subclass members.

93.     The aforementioned conduct constitutes an unconscionable commercial practice in that Defendant has, by including dangerous phthalates in its Products, and the use of false statements and/or material omissions, failed to properly represent and/or concealed the presence of such dangerous phthalates.

94.     Members of the public, including Plaintiff Nicodemo and the members of the Florida Subclass, were deceived by and relied upon Defendant's actions, affirmative

misrepresentations and failures to disclose.

95.     Such acts and practices by Defendant are and were likely to mislead a reasonable consumer purchasing Products from Defendant.  Said acts and practices are material.  The sales of Defendant's Products in Florida through such means occurring in Florida were consumer-oriented acts and thereby fall under the FDUTPA.

96.     As a direct and proximate cause of Defendant's conduct, Plaintiff Nicodemo and the Florida Subclass members suffered damages as alleged above.

97.     Defendant's conduct described above also amounts to unfair business practices, which are immoral, unethical, oppressive and unscrupulous.

98.     As a result of Defendant's conduct alleged herein, Plaintiff Nicodemo individually, and the members of the Florida Subclass have suffered actual damages in that they have paid excessive and artificially prices for Defendant's Products as a result of Defendant's unlawful, unfair, and deceptive practices and are entitled to damages.

99.     As a result of the aforementioned conduct, Plaintiff Nicodemo individually, and the members of the Florida Subclass, are entitled to permanent injunctive relief to prevent Defendant from continuing to engage in these unfair and deceptive trade practices.

100.     Pursuant to Florida Statute § 501.2105, Plaintiff Nicodemo, individually, and as a member of the Florida Subclass, is entitled to recover costs and reasonable attorneys' fees in this action.

CLASS ACTION COMPLAINT

**COUNT IV**
**Violations of California False Advertising Law, California Business & Professions**
**Code §§ 17500, *et seq.***
**(On Behalf of the Nationwide Class)**

101.    Plaintiffs, individually and on behalf of the Class, repeat and re-allege every allegation contained above, as though fully set forth herein.

102.    California's False Advertising Law prohibits any statement in connection with the sale of goods "which is untrue or misleading."  Cal. Bus. & Prof. Code §17500.

103.    Defendant's Annie's Homegrown Mac & Cheese Products contain (or risk containing) dangerous phthalates.  Defendant knew or should have known that its Annie's Homegrown Mac & Cheese Products should not contain these phthalates and/or at the amounts found therein and that by manufacturing and providing for commercial sale Annie's Homegrown Mac & Cheese Products that contain (or risk containing) dangerous phthalates, Plaintiffs and the Class members were not receiving healthy and/or nutritious food.

104.    Plaintiffs and the Class members would not have purchased the Annie's Homegrown Mac & Cheese Products at issue had they known the truth about the presence (or risk) of dangerous phthalates.

105.    Defendant violated § 17500 by failing to properly represent, both by affirmative conduct and omission, the nutritional value and safety of Defendant's Annie's Homegrown Mac & Cheese Products.

106.    If Defendant had not sold Annie's Homegrown Mac & Cheese Products that contained (or risk containing) dangerous phthalates, Plaintiffs and the Class members would not have suffered the extent of damages caused by Defendant's sales.

107.    Defendant's practices, acts, policies and course of conduct violate § 17500 in that, among other things, Defendant actively and knowingly misrepresented or omitted disclosure

of material information to Plaintiffs and the Class members at the time they purchased the Annie's Homegrown Mac & Cheese Products, including the fact that Defendant's products contained (or risk containing) dangerous phthalates; and Defendant failed to disclose and give timely warnings or notices regarding the presence (or risk) of dangerous phthalates in its Annie's Homegrown Mac & Cheese Products that were purchased by Plaintiffs and the Class members.

108.    The aforementioned conduct constitutes an unconscionable commercial practice in that Defendant has, by the use of false statements and/or material omissions, failed to properly represent and/or concealed the presence (or risk) of dangerous phthalates in its Annie's Homegrown Mac & Cheese Products.

109.    Members of the public, including Plaintiffs and the members of the Class, were deceived by and relied upon Defendant's affirmative misrepresentations and failures to disclose.

110.    Such acts by Defendant are and were likely to mislead a reasonable consumer purchasing Annie's Homegrown Mac & Cheese Products from Defendant.    Said acts and practices are material.    The sales of Defendant's Annie's Homegrown Mac & Cheese Products were consumer-oriented acts and thereby fall under the California consumer protection statute, Cal. Bus. & Prof. Code § 17500.

111.    As a direct and proximate cause of Defendant's conduct, Plaintiffs and Class members suffered damages as alleged above and also seek injunctive relief as described herein.

112.    Defendant knew, or reasonably should have known, that all these claims were untrue or misleading.

113.    Defendant's conduct is ongoing and continuing, such that prospective injunctive relief is necessary, especially given Plaintiffs' desire to purchase these products in the future if they can be assured that, so long as the Annie's Homegrown Mac & Cheese Products are as

advertised: healthy, nutritious, and safe for consumption, and do not contain phthalates or other undesirable toxins or contaminants.

114.     Plaintiffs and members of the Class are entitled to injunctive and equitable relief, and restitution in the amount they spent on the Annie's Homegrown Mac & Cheese Products.

**COUNT V**
**Violations of the Unfair Competition Law, California Business & Professions Code §§ 17200, *et seq.***
**(On Behalf of the Nationwide Class)**

115.     Plaintiffs, individually and on behalf of the Class, repeat and re-allege every allegation contained above, as though fully set forth herein.

116.     The Unfair Competition Law prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code §17200.

117.     Defendant's conduct was unfair and/or fraudulent.   Defendant's Annie's Homegrown Mac & Cheese Products contain (or risk containing) dangerous phthalates. Defendant knew or should have known that its Annie's Homegrown Mac & Cheese Products should not contain these phthalates and/or at the amounts found therein and that by manufacturing and providing for commercial sale Annie's Homegrown Mac & Cheese Products that contain (or risk containing) dangerous phthalates, Plaintiffs and the Class members were not receiving healthy and/or nutritious food.

118.     As alleged herein, Defendant has advertised the Annie's Homegrown Mac & Cheese Products with false or misleading claims, such that Defendant's actions as alleged herein violate at least the False Advertising Law, California Business & Professions Code sections 17500, *et seq.*

119.    Plaintiffs and the Class members would not have purchased the Annie's Homegrown Mac & Cheese Products at issue had they known the truth about the presence (or risk) of dangerous phthalates.

120.    If Defendant had not sold Annie's Homegrown Mac & Cheese Products that contained (or risk containing) dangerous phthalates, Plaintiffs and the Class members would not have suffered the extent of damages caused by Defendant's sales.

121.    Defendant's practices, acts, policies and course of conduct violate § 17200 in that, among other things, Defendant actively and knowingly misrepresented or omitted disclosure of material information to Plaintiffs and the Class members at the time they purchased the Annie's Homegrown Mac & Cheese Products, including the fact that Defendant's products contained (or risk containing) dangerous phthalates; and Defendant failed to disclose and give timely warnings or notices regarding the presence (or risk) of dangerous phthalates in its Annie's Homegrown Mac & Cheese Products that were purchased by Plaintiffs and the Class members.

122.    The aforementioned conduct constitutes an unconscionable commercial practice in that Defendant has, by the use of false statements and/or material omissions, failed to properly represent and/or concealed the presence (or risk) of dangerous phthalates in its Annie's Homegrown Mac & Cheese Products.

123.    Members of the public, including Plaintiffs and the members of the Class, were deceived by and relied upon Defendant's affirmative misrepresentations and failures to disclose.

124.    Such acts by Defendant are and were likely to mislead a reasonable consumer purchasing Annie's Homegrown Mac & Cheese Products from Defendant. Said acts and practices are material. The sales of Defendant's Annie's Homegrown Mac & Cheese Products were

consumer-oriented acts and thereby fall under the California consumer protection statute, § 17200.

125.     As a direct and proximate cause of Defendant's conduct, Plaintiffs and Class members suffered damages as alleged above and also seek injunctive relief as described herein.

126.     Defendant knew, or reasonably should have known, that all these claims were untrue or misleading.

127.     Defendant's conduct is ongoing and continuing, such that prospective injunctive relief is necessary, especially given Plaintiffs' desire to purchase these products in the future if they can be assured that, so long as the Annie's Homegrown Mac & Cheese Products are as advertised: healthy, nutritious, and safe for consumption, and do not contain phthalates or other undesirable toxins or contaminants.

128.     Plaintiffs and members of the Class are entitled to injunctive and equitable relief, and restitution in the amount they spent on the Annie's Homegrown Mac & Cheese Products.

## <u>COUNT VI</u>
### Unjust Enrichment
### (On Behalf of Plaintiffs and the Nationwide Class)

129.     Plaintiffs, individually and on behalf of the Class, repeat and re-allege every allegation contained above, as though fully set forth herein.

130.     Plaintiffs and Class members conferred a monetary benefit on Defendant. Specifically, they purchased Annie's Homegrown Mac & Cheese Products from Defendant and provided Defendant with their monetary payment.  In exchange, Plaintiffs and Class members should have received from Defendant goods that were healthy and nutritious and did not contain (or risk containing) dangerous phthalates.

CLASS ACTION COMPLAINT

131.    Defendant knew that Plaintiffs and Class members conferred a benefit on them and accepted or retained that benefit.  Defendant profited from Plaintiffs' purchases and used Plaintiffs and Class members' monetary payments for business purposes.

132.    Defendant failed to disclose to Plaintiffs and Class members that its Annie's Homegrown Mac & Cheese Products were unhealthy and contained (or risk containing) dangerous phthalates and did not provide products that Plaintiffs and Class members were promised.

133.    If Plaintiffs and Class members knew that Defendant's Annie's Homegrown Mac & Cheese Products were (or risked being) unhealthy and toxic as alleged herein, they would not have purchased Defendant's Annie's Homegrown Mac & Cheese Products.

134.    Plaintiffs and Class members have no adequate remedy at law.

135.    Under the circumstances, it would be unjust for Defendant to be permitted to retain any of the benefits that Plaintiffs and Class members conferred on them.

136.    Defendant should be compelled to disgorge into a common fund or constructive trust, for the benefit of Plaintiffs and Class members, proceeds that they unjustly received from them.  In the alternative, Defendant should be compelled to refund the amounts that Plaintiffs and Class members overpaid.

**<u>COUNT VII</u>**
**Breach of Express Warranty**
**(On Behalf of Plaintiffs and the Nationwide Class)**

137.    Plaintiffs, individually and on behalf of the Class, repeat and re-allege every allegation contained above, as though fully set forth herein.

138.    As set forth herein, Defendant made express representations to Plaintiffs and the Class on the packaging that the Annie's Homegrown Mac & Cheese Products are healthy, wholesome, nutritious and safe for consumption.

139.    These promises, and all others on the labeling and packaging of the Annie's Homegrown Mac & Cheese Products became part of the basis of the bargain between the parties and thus constituted express warranties.

140.    There was a sale of goods from Defendant to Plaintiffs and the members of the Class.

141.    On the basis of these express warranties, Defendant sold the Annie's Homegrown Mac & Cheese Products to Plaintiffs and the Class.

142.    Defendant knowingly breached the express warranties by including phthalates in the Annie's Homegrown Mac & Cheese Products sold to Plaintiffs and the Class.

143.    By letter dated March 11, 2021, Plaintiff Nicodemo put Defendant on notice of its breach of warranty.

144.    Plaintiffs and the Class reasonably relied on the express warranties by Defendant.

145.    As a result of Defendant's breaches of its express warranties, Plaintiffs and the Class sustained damages as they paid money for the Annie's Homegrown Mac & Cheese Products that were not what Defendant represented.

146.    Plaintiffs, on behalf of themselves and the Class, seek actual damages for Defendant's breach of express warranty.

CLASS ACTION COMPLAINT

## COUNT VIII
### Breach of Implied Warranty
### (On Behalf of Plaintiffs and the Nationwide Class)

147.    Plaintiffs, individually and on behalf of the Class, repeat and re-allege every allegation contained above, as though fully set forth herein.

148.    Defendant is a merchant engaging in the sale of goods to Plaintiffs and the Class.

149.    There was a sale of goods from Defendant to Plaintiffs and the Class.

150.    At all times mentioned herein, Defendant manufactured and distributed the Annie's Homegrown Mac & Cheese Products, and prior to the time the such products were purchased by Plaintiffs and the Class, Defendant impliedly warranted to them that the Annie's Homegrown Mac & Cheese Products were of merchantable quality, fit for their ordinary use, and conformed to the promises and affirmations of fact made on the packaging and labels, including that the food was healthy, wholesome, nutritious and safe for consumption.

151.    Plaintiffs and the Class relied on Defendant's promises and affirmations of fact when they purchased the Annie's Homegrown Mac & Cheese Products.

152.    The Annie's Homegrown Mac & Cheese Products were not fit for their ordinary use, consumption by people, and did not conform to Defendant's affirmations of fact and promises as they contained (or risk containing) dangerous phthalates in material amounts to a reasonable consumer.

153.    Defendant breached its implied warranties by selling the Annie's Homegrown Mac & Cheese Products that failed to conform to the promises or affirmations of fact made on the container or label as each product contained (or risked containing) dangerous phthalates.

154.    By letter dated March 11, 2021, Plaintiff Nicodemo put Defendant on notice of its breach of implied warranty.

CLASS ACTION COMPLAINT

155.    Privity exists because Defendant expressly warranted to Plaintiffs and the Class that the Annie's Homegrown Mac & Cheese Products were healthy, wholesome, nutritious and safe for consumption, which was untrue as described hereinabove.   Defendant knew that consumers such as Plaintiffs and the Proposed Class would be the end purchasers of the Annie's Homegrown Mac & Cheese Products and the target of their marketing.   Defendant intended its marketing to be considered by the end purchasers of the Annie's Homegrown Mac & Cheese Products, including Plaintiffs and the Class.   Defendant directly marketed to Plaintiffs and the proposed Class through statements on websites, labeling and packaging.

156.    As a direct and proximate result of Defendant's conduct, Plaintiffs and the Class have suffered actual damages in that they have purchased Annie's Homegrown Mac & Cheese Products worth less than the price they paid and that they would not have purchased at all had they known of the presence (or risk) of dangerous phthalates.

157.    Plaintiffs and the Class seek actual damages, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief available thereunder for Defendant's failure to deliver goods conforming to their implied warranties and resulting breach.

## V.    REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the Class, respectfully request that the Court:

a)    Certify the Nationwide Class, including the Illinois and Florida Subclasses, and appoint Plaintiffs and their counsel to represent the Nationwide Class and Illinois and Florida Subclasses;

b)    Find that Defendant engaged in the unlawful conduct as alleged herein;

c)      Enjoin Defendant from engaging in such conduct and order any further injunctive relief as appropriate;

d)      Enter a monetary judgment in favor of Plaintiffs and the Class, including the Illinois and Florida Subclasses, to compensate them for the injuries suffered, together with pre-judgment and post-judgment interest, punitive damages, and penalties where appropriate;

e)      Require Defendant to rectify all damages caused by its misconduct;

f)      Award Plaintiffs and the Class, including the Illinois and Florida Subclasses, reasonable attorneys' fees and costs of suit, as allowed by law; and

g)      Award such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury.

Dated:  April 6, 2021                        Respectfully submitted,

*/s/ Rebecca A. Peterson*
Rebecca A. Peterson, #241858
**LOCKRIDGE GRINDAL NAUEN**
**P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
E-mail: rapeterson@locklaw.com

Lori G. Feldman
**GEORGE GESTEN MCDONALD, PLLC**
102 Half Moon Bay Drive
Croton-on-Hudson, New York 10520
Phone: (917) 983-9321
Fax: (888) 421-4173
Email: LFeldman@4-justice.com
E-Service: eService@4-Justice.com

- 41 -
CLASS ACTION COMPLAINT

David J. George
Brittany L. Brown
**GEORGE GESTEN MCDONALD, PLLC**
9897 Lake Worth Road, Suite #302
Lake Worth, FL 33467
Phone: (561) 232-6002
Fax: (888) 421-4173
Email: DGeorge@4-Justice.com
E-Service: eService@4-Justice.com

*Counsel for Plaintiffs*

CLASS ACTION COMPLAINT